IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES E. BRAMLETT,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No.   12-cv-01128--JPG-PMF |
| **MARYLIN LIGGET,** | ) ) ) |
| **Defendant.** | ) ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a sua sponte recommendation that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff Charles Bramlett is proceeding against defendant Marylin Ligget for denial of access to religious publications (Count 1), interference with personal and legal mail (Count 2), and retaliation (Count 3).   These claims are supported by allegations that Ligget mishandled Bramlett's personal, legal, and religious mail on four occasions between November 23, 2010, and August 23, 2011 (Doc. No. 6).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The standard for frivolousness is met when no reasonable person could suppose that a claim has any merit.  *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  Claims that are frivolous shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(i).

A final pretrial conference was held on January 8, 2015.  At the conference, Bramlett explained that he filed suit against Marylin Ligget based on informal information leading him to believe that Ligget held a supervisory position in the mail room at Big Muddy River Correctional Center.  He suspected that she might be able to identify the staff member(s) who mishandled his

incoming and outgoing mail. Alternatively, he thought Ligget would be in a position to take appropriate steps to correct misconduct of those she supervised.

Bramlett's claims against Ligget never progressed beyond suspicion. He did not pursue discovery. Over the past two years, he acquired no facts that could plausibly show that Ligget engaged in the conduct attributed to her in the Amended Complaint. After the time for exchanging discovery closed, Bramlett learned that Ligget did not work in the prison's mail room after January 31, 2011. This means that, of the four events described in the Amended Complaint, Bramlett cannot show that Ligget was working as a mailroom supervisor when three of those four events occurred. As to one event occurring on November 23, 2010, Bramlett cannot succeed on any of his claims by showing that Ligget held a supervisory position when a member of the mailroom staff rejected copies of religious correspondence course enrollment forms on the basis that the multiple copies were not authorized.[1] It is well established that supervisors can only be liable for their own personal actions, not the actions of others. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). As things currently stand, Bramlett cannot make a rational argument on the law or the facts in support of Counts 1-3.

IT IS RECOMMENDED that Counts 1-3 be DISMISSED as frivolous at this time.

SUBMITTED:   February 3, 2015.

    s/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE

---

[1] Materials submitted with Bramlett's original Complaint show that he received a couple of the enrollment forms for himself (Doc. No. 1-2, pp. 1, 14-15, 19).