UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES E. BRAMLETT,

    Plaintiff,

v.

MARYLIN LIGGET, *et al.*

    Defendants.

Case No. 12-cv-1128-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 42) of Magistrate Judge Philip M. Frazier recommending that the Court dismiss this case *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff Charles E. Bramlett has objected to the Report and asks for leave to file an amended complaint (Docs. 43 & 44), and defendant Marilyn Liggett (misnamed in the complaint as Marylin Ligget) has responded to Bramlett's objection/motion (Doc. 45).

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

    Magistrate Judge Frazier found in the Report that Bramlett, an inmate at Big Muddy Correctional Center ("Big Muddy"), originally sued Liggett, a mailroom supervisor, in this suit for various wrongs to him he alleges occurred in the mailroom. He admitted at the final pretrial conference that he only sued Liggett thinking she might be able to identify the perpetrators or

remedy the wrongdoing.   Magistrate Judge Frazier found that Bramlett, having conducted no discovery, was not able to identify the perpetrators of the wrong or to discover evidence that Liggett engaged in the objectionable conduct described in his pleading.   Accordingly, Magistrate Judge Frazier recommended dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

In his objection, Bramlett argues that he tried unsuccessfully to obtain the names of the alleged perpetrators through the grievance and the Freedom of Information office processes, and that he did not know how to conduct discovery.   He notes how difficult it is for inmates to know who works in the mailroom because they never come into contact with mailroom staff.   He further notes that Liggett previously admitted in her answer that she worked at in the mailroom at all relevant times, although now she claims she did for only three of the four incidents about which Bramlett complains.   Bramlett also asks the Court to add Lt. Harold Schuler and Nancy Taylor as defendants in an amended complaint and to reopen discovery.

The Court has reviewed the matter *de novo* and agrees with Magistrate Judge Frazier's assessment.   It is clear that there is no evidence from which a reasonable jury could find Liggett caused the conduct about which Bramlett complains.   Accordingly, dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2) is appropriate.

Furthermore, the Court finds it inappropriate to allow Bramlett to amend his complaint to add two new defendants at this stage of the case.   Where the time for amendment of right has passed, as it has in this case, a party may amend his pleading only with the opposing party's written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires.   Fed. R. Civ. P. 15(a)(2).   Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits

and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

The Court has reviewed Bramlett's proposed amended complaint and declines to allow the amendment. This case has been pending for more than two years and is nearing the end of its life. Allowing an amendment to add two additional defendants would unnecessarily prolong this case by requiring reopening of discovery, allowing a new round of dispositive motions, and postponing the resolution of this case for months, if not a year or more. Bramlett has not explained why he could not have sought this amendment earlier by pursuing discovery as outlined in the Federal Rules of Civil Procedure. He has also not explained why, using whatever non-discovery means he used to identify the two potential new defendants, he could not have accomplished that earlier. It is also likely the new defendants would be prejudiced by the passage of time from the relevant events in this case, which occurred approximately four years ago, and would likely be entitled to dismissal based on the statute of limitations. For these reasons, amendment is not in the interest of justice and will not be allowed.

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 42);

- **OVERRULES** Bramlett's objections (Doc. 43);

- **DISMISSES** this case as frivolous pursuant to 28 U.S.C. § 1915(e)(2);

- **DENIES** Bramlett's motion for leave to amend his complaint (Doc. 44); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   March 9, 2015**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**