UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES E. BRAMLETT,

    Plaintiff,

v.

MARYLIN LIGGET, *et al.*

    Defendants.

Case No. 12-cv-1128-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Charles E. Bramlett's motion to alter or amend the judgment (Doc. 50) and motion for voluntary dismissal without prejudice (Doc. 51). The Court entered judgment in favor of defendant Marilyn Liggett (misnamed in the complaint as Marylin Ligget) on Bramlett's claims involving mishandling of his mail in the mailroom at Big Muddy River Correctional Center. The Court found that Liggett worked in the mailroom for only one of the four[1] incidents about which Bramlett complained and that Bramlett admitted he had no evidence Liggett was personally responsible for the mail mishandling during the time she worked there. The Court further declined to allow Bramlett to amend his complaint two months before trial to add two new defendants.

In his motion to alter or amend the judgment (Doc. 50), Bramlett asks the Court to reconsider its decision not to allow him to file an amended complaint after having allowed Liggett to amend her answer. The Court construes Bramlett's motion as under Federal Rule of Civil Procedure 59(e). Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will

---

[1] In its prior order, the Court inadvertently stated she was there for three of the four incidents. In fact, she was only there for the first alleged instance of mail mishandling.

be construed as pursuant to Rule 60(b).  *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).  It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876.  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.  *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

In his Rule 59(e) motion, Bramlett raises the same arguments he raised earlier in this case as to why he should be allowed to amend his complaint to avoid its dismissal.  The Court considered those arguments and rejected them, and Bramlett points to nothing now that warrants reconsideration of that decision.  The Court further adds that the consequences of allowing Liggett to amend her answer were far less serious than the consequences of allowing Bramlett to essentially restart this entire case by adding new parties, so it was not unfair or improper to allow one amendment but not the other.  The Court notes that Bramlett may file a new complaint against the defendants he seeks to add, although that case would likely face some of the hurdles (*e.g.*,

statute of limitations) the Court pointed out in its order denying Bramlett leave to amend the complaint.   For this reason, the Court declines to alter or amend its judgment.

As for his motion for dismissal without prejudice (Doc. 51), Bramlett offers no argument or citation to relevant law in support of his request.   Regardless, his claims against defendants Mark S. Carich and Jessica Stover have already been dismissed without prejudice, and it is too late for him to dismiss his claims against Liggett without prejudice because they have already been dismissed with prejudice.

For the foregoing reasons, the Court **DENIES** Bramlett's motion to alter or amend the judgment (Doc. 50) and motion for dismissal without prejudice (Doc. 51).

**IT IS SO ORDERED.**
**DATED:   April 28, 2015**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**